RUTLAND,
*February,*
1841.

Potter
*v.*
Hodges &
Jones.

---

ANDREW POTTER *v.* GEO. T. HODGES & NATHL. A. JONES.

Where a justice of the peace rendered a judgment by default, and the defendant, within two hours after the rendition thereof, made application to the justice to erase the default and permit him to appear and defend the suit, and the justice refused to grant the application; *it was held,* that *audita querela* would not lie to vacate the judgment.

AUDITA QUERELA, to set aside a judgment rendered by F. W. Hopkins, justice of the peace, in favor of the defendants, against the complainant, on the 28th day of December 1839.

The complainant set forth, in his complaint, that the writ, in the suit before said justice, was made returnable on the 18th Nov. 1839, at the office of said justice, in Rutland, at which time and place the parties appeared, and the cause was continued to the 28th of Dec. 1839, at 2 o'clock P. M. at the office of said justice; that early on the morning of said day, the complainant started from his residence, in Clarendon, to appear and defend in said suit; that, in consequence of the roads being blocked up with snow drifts (there having been a severe snow storm the night previous and during said day,) he was unable to get to the place of trial un-

RUTLAND,
*February,*
1841.

Potter
*v.*
Hodges &
Jones

til after two o'clock in the afternoon, when he found that a judgment had been rendered in said suit, against him, by default; that within two hours after the rendition of said judgment, he moved said court to erase said default and permit him to appear and defend in said suit; that the defendants, by their attorney, objected, and the justice decided that he had no power, by law, to erase said default and permit the complainant to appear and defend in said suit; that judgment was entered up against the complainant and an execution issued thereon. The complainant further alleged that he had a good defence to said suit, viz:—payment of the debt.

The defendants demurred, generally, to the complaint, and the complainant joined in demurrer.

The county court decided that the complaint was insufficient, and the complainant excepted.

*R. R. Thrall,* for plaintiff, relied upon the sixth section of the justice act, p. 126, which is as follows:—

' Any justice of the peace, within this state, shall have dis-
' cretionary power to revive any action, in which judgment,
' may have been rendered by non-suit or default at any time
' within two hours, from the rendition of such judgment, un-
' der such regulations and conditions as he shall judge fit and
' reasonable, and all proceedings shall be had therein the
' same as though no such judgment had been rendered.'

And he contended that, where a permissive, or discretionary power, is conferred upon an officer to do a thing for the sake of justice, or the public good, the officer is not only empowered to do it, but the obligation is imperative upon him, and he is bound to do it, and the word *may* is construed to mean *shall.* 1 Swift's Dig. 13. 2 Salk. 609. Vernon's R. 153.

If the justice had sustained the motion, heard the evidence, and decided against the motion, upon the merits, the question would be more doubtful; but he could no more render a final judgment before the expiration of two hours from the time of the default, than he could render a judgment, by default, before the expiration of two hours from the time set for the trial. In either case, the judgment would be void for want of jurisdiction.

RUTLAND,
*February*,
1841.

Potter
*v.*
Hodges &
Jones.

Will it be said that the party has another remedy? To this, we answer that although the party may have another remedy, it does not follow, that the remedy by *audita querela*, has been suspended or superseded. This is concurrent with other remedies. *Lovejoy v. Webb*, 10 Mass. R. 101. *Bracket v. Winslow*, 16 Mass. R. 158.

*E. F. Hodges*, for defendants, contended that, by the statute, the justice had discretionary power either to erase the default and permit the defendant (now plaintiff) to appear, or not; and having exercised his discretion, his decision could not be revised here on *audita querela*; and cited, 1 D. Chip. R. 109. 2 Vt. R. 498. 7 Vt. R. 197. 10 Vt. R. 90. Id. 523. 1 Aik. R. 321. Id. 363. 6 Vt. R. 244, and 10 Mass. 103.

The opinion of the court was delivered by

Royce, J.—The plaintiff proceeds upon the 6th section of the justice act of 1797, which gives a justice " *discretionary power*" to recall and vacate any judgment by him rendered, within two hours from the rendition of such judgment. In this case, the motion was made within the two hours. The plaintiff contends that this section of the statute is imperative upon the magistrate, according to the rule of construing statutes, which says that "may" is taken to mean " *shall.*"

It is true that, in a statute conferring jurisdiction or power upon an officer for a specified purpose, the word "may" is generally equivalent to the word "shall." But, such a rule of construction cannot apply, when the exercise of the power is expressly made discretionary with the officer, or magistrate. In such a case, the very terms imply as well a power to *decline* doing as the power to *do* the act authorised. Such has always been the doctrine applied to this very section of the justice act. Hence, in order to secure to the defendant a period of two hours, in which he may of right appear and have a trial, independently of any discretion of the justice, it was afterwards provided, by the 5th section of the act of 1803, that no judgment by default shall be entered by a justice until two hours from the time set for trial.

But this cause had been continued from the 18th of Nov. to the 28th of Dec.; and it was directly decided, in *Steel v.*

*Bates,* 2 Vt. R. 320, that this latter provision does not apply to a continued case; but is confined to the time originally appointed in the writ.

It is alleged that, in this instance, the justice refused to exercise his discretion, by hearing the motion, and overruled it, on the ground that he had not power to set aside the judgment. To sustain the complaint, on this ground, would be to overrule all those decisions which deny this remedy for injuries resulting from the decision of the court, in any matter on which it becomes the duty of the court to decide. Such were the cases of *Dodge* v. *Hubbell,* 1 Vt. R. 491. *Sutton* v. *Tyrrell.* 10 Vt. R. 87.

Upon no ground, consistent with authority, can the process be supported.

. Judgment affirmed.